IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01320-WYD-KMT

JOHN STUTTS; and
CHERYL STUTTS,

    Plaintiffs,

v.

K & C RV CENTERS, LLC,

    Defendant.

---

**ORDER**

---

    THIS MATTER comes before the Court on K & C RV Centers, LLC's Unopposed Motion to Stay and to Compel Arbitration pursuant to 9 U.S.C. § 1, et seq. Having reviewed the Motion and being fully informed in the premises, the Court finds:

    1.    That, excluding limited circumstances not applicable here, the Federal Arbitration Act ("FAA") requires enforcement of all validly executed agreements to arbitrate involving interstate commerce transactions. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001). To effectuate its purpose, the FAA "compels judicial enforcement of a wide range of written arbitration agreements." Id. at 111.

    2.    That this case involves a claim for revocation of a Retail Installment Contract and Security Agreement dated August 16, 2007 ("the Contract").

    3.    That the Contract contains an arbitration clause, which states that "any legal dispute or claim of any kind that relates in any way to [Plaintiffs'] credit application,

this Contract, or [Plaintiffs'] relationship with [Defendant] or any assignee of this Contract will be resolved by binding arbitration" before the National Arbitration Forum or the American Arbitration Association.

4.	That it is undisputed that the arbitration clause is valid as Plaintiffs have not disputed same.

5.	That it is undisputed that Plaintiffs' claim is a legal dispute that relates directly to the Contract and Plaintiffs' relationship with Defendant and, thus, is within the scope of the arbitration clause.

6.	That Defendant has properly invoked the Arbitration Clause though the filing of its Motion.

7.	That, based on the certificate of conferred submitted by Defendant's counsel, Plaintiffs do not object to Defendant's request for arbitration and for a stay of this matter.

8.	That while Defendant requests a stay of this case, a stay could result in leaving this case open for months or even years during the pendency of the arbitration and no action may ever need to be taken by the Court. I find that the more appropriate result is to administratively close this case pursuant to D.C.COLO.LCivR 41.2. *See Quinn v. CGR*, 828 F.2d 1463, 1465 and n. 2 (10th Cir. 1987) (construing administrative closure as the practical equivalent of a stay). The case may be reopened for good cause shown, which shall include any further court proceedings the parties deem necessary in this case after the arbitration is concluded or resolved.

Based on the foregoing, it is

ORDERED that Defendant K & C RV Centers, LLC's Motion to Stay Case and to Compel Arbitration (filed July 28, 2008) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is

ORDERED that the portion of the motion that seeks to compel arbitration is **GRANTED**.

FURTHER ORDERED that the portion of the motion that seeks a stay of the case pending the outcome of the arbitration is **DENIED**. Instead, it is

ORDERED that this case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2. The case may be reopened for good cause shown, which shall include any further court proceedings the parties deem necessary in this case after the arbitration is completed or resolved. It is

FURTHER ORDERED that the Scheduling and Planning Conference scheduled for September 30, 2008 at 9:30 a.m. and all pending deadlines in this case are **VACATED**.

Dated: July 31, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge